UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JEFFERY MURRAY #245927,

        Plaintiff,

v.

UNKNOWN BEESLEY, et al.,

        Defendants.

Case No. 2:09-cv-113

HON. R. ALLAN EDGAR

**MEMORANDUM OPINION**
**VACATING PRIOR ORDER REGARDING *IN FORMA PAUPERIS***
**AND DENYING PAUPER STATUS - THREE STRIKES**

Plaintiff Jeffery Murray, a prisoner incarcerated at the Baraga Maximum Correctional Facility (AMF), filed a complaint pursuant to 42 U.S.C. § 1983. Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous or failing to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Plaintiff was initially denied pauper status on August 4, 2009 (docket #13). Plaintiff has since filed a motion to disqualify the judge and / or to vacate that order (docket #14) because there was a factual error in the memorandum opinion denying pauper status. After reviewing the matter, the court will vacate the earlier order and issue a corrected order denying pauper status and requiring Plaintiff to pay the civil action filing fee within thirty days of this opinion and accompanying order. If Plaintiff fails to do so, the court will order that his action be dismissed without prejudice.

**Discussion**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners--many of which are meritless--and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is ex post facto legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-606 (6th Cir.), *cert. denied*, 525 U.S. 1139 (1999); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds of frivolousness or failure to state a claim. *See Murray v. Reed*, No. 1:02-cv-438 (W.D. Mich.) (op. & j. 7/10/02); *Murray v. Reed*, No. 5:02-cv-154 (W.D. Mich.) (op. & j. 10/25/02); *Murray v. Evert*, No. 1:03-cv-85 (W.D. Mich.) (op. & j. 3/10/03). The Court previously has denied Petitioner leave to proceed *in forma pauperis* because he has three strikes. *See Murray v. Panzer*, No. 1:03-cv-387 (W.D. Mich.). In the instant complaint, Plaintiff alleges that Baraga and Alger Maximum Prisons both store propane gas and use it at a "certain time." Plaintiff believes that corrections officers control the gas from the mechanical room and place it into the ventilation system. Plaintiff asserts that this gas is causing him to suffer heart attacks. Plaintiff's allegations are entirely conclusory and clearly delusional. Therefore, because Plaintiff does not allege any facts establishing that he is under imminent danger of serious physical injury, this complaint does not fall within the exception to the three strikes rule.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has thirty days from the date of entry of this order to pay the entire

civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the thirty-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.

In addition, with regard to Plaintiff's motion to disqualify the judge and / or to vacate order denying pauper status (docket #14), the court notes that pursuant to 28 U.S.C. § 455, "Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The standard of inquiry is an objective one; it asks "what a reasonable person knowing all the relevant facts would think about the impartiality of the judge." *Roberts v. Bailar,* 625 F.2d 125, 129 (6th Cir.1980). Because, the presence of a factual error is not sufficient to demonstrate impartiality, Plaintiff's request for disqualification will be denied. However, to the extent that Plaintiff seeks to have the August 4, 2009, order vacated, Plaintiff's motion will be granted.

Dated:     9/22/09              */s/ R. Allan Edgar*
                                R. ALLAN EDGAR
                                UNITED STATES DISTRICT JUDGE


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
229 Federal Building
202 W. Washington St.
Marquette, MI 49855

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**